**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JULIUS A. HINES, # 217230,** | : |
| **Plaintiff,** | : |
| **vs.** | :　　**CIVIL ACTION  22-0137-TFM-MU** |
| **LT. MARVIN, *et al.*,** | : |
| **Defendants.** | : |

**REPORT AND RECOMMENDATION**

This action was filed by an Alabama prison inmate proceeding *pro se* and was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  Upon review of the proceedings in this action, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

Plaintiff Julius A. Hines filed a § 1983 complaint along with an Application to Proceed *In Forma Pauperis*.  (Docs.  1, 2).  Because the Application to Proceed *In Forma Pauperis* was not on this Court's form, Plaintiff was ordered by April 27, 2022 to file a completed motion to proceed without prepayment of fees along with the required printout.  (Doc. 4, PageID.16).  Plaintiff was warned that failure to comply with the Court's order within the required time would result in the dismissal of this action.  (*Id.*).  The Court's form was sent to him.  (*Id.*).  Nonetheless, Plaintiff responded to the Order by simply filing a printout of his account with his copy of the Order.  (Doc. 6 at 2, PageID.23).  Thereupon, because Plaintiff did not file the form, and the printout was not

certified, the Court granted him another opportunity to file a completed motion to proceed without prepayment of fees by June 1, 2022 and sent him the form to do so. (Doc. 7, PageID.26).  Plaintiff was warned again that his failure to comply with the Court's order within the required time would result in a recommendation to dismiss his action.  (*Id.* at 2, PageID.27).  To date, Plaintiff has not filed the required motion to proceed without prepayment of fees.

Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).  The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court.  *Id.* at 630, 82 S.Ct. at 1389.  In addition, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Saint Vil v. Premier Mortg. Funding Corp.,* 715 F. App'x 912, 915 (11th Cir. 2017)[1] (citation and internal quotation marks omitted)).  *Accord Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) (recognizing the court's two sources for dismissing an action *sua sponte* are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure).  Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

action, it is recommended that this action be dismissed without prejudice, as no lesser sanction will suffice to address Plaintiff's failure to comply.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied,* 493 U.S. 863 (1989); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal for failure to prosecute when an inmate, who having been warned that failure to comply would result in dismissal of his action, did not respond to the Court's order and did not pay the partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.  72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

3

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 11th day of July, 2022.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**